Catherine KANDOU, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–74741.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 13, 2005.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Catherine Kandou, Laguna Hills, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Anthony W. Norwood, Esq., Margot L. Nadel, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Catherine Kandou, a native and citizen of Indonesia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order affirming an Immigration Judge's ("IJ") decision denying her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the determination that Kandou did not comply with the one-year filing deadline of 8 U.S.C. § 1158(a)(2)(B). *See Hakeem v. INS,* 273 F.3d 812, 815 (9th Cir.2001). We also lack jurisdiction to review the BIA's determination that no "extraordinary circumstances" excused Kandou's untimely

asylum application. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002). Accordingly, we dismiss Kandou's asylum claim.

We have jurisdiction pursuant to 8 U.S.C. § 1252 over the remaining claims. We review for substantial evidence the IJ's decision to deny withholding of removal, *Hakeem,* 273 F.3d at 816, and relief under CAT, *Zheng v. Ashcroft,* 332 F.3d 1186, 1193 (9th Cir.2003), and de novo due process violation claims, *Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004).

■ Substantial evidence supports the denial of withholding of removal because Kandou failed to demonstrate that it is more likely than not that she would be subject to persecution if removed to Indonesia. *See Hakeem,* 273 F.3d at 816–17. The events, including being harassed and having her church stoned and burned, do not compel eligibility for withholding of removal. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir.2003) (holding that insults, harassment, death threats and a beating did not compel eligibility for withholding of removal).

Substantial evidence also supports the denial of relief under the CAT because Kandou failed to demonstrate that it is more likely than not that she would be tortured if removed to Indonesia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir. 2003).

Kandou's contention that the IJ disregarded supporting documentation is without merit because she did not overcome the presumption that the IJ reviewed all relevant evidence. *See Larita–Martinez v. INS,* 220 F.3d 1092, 1095 (9th Cir.2000). Kandou's challenge to the BIA's streamlining procedure is foreclosed by *Falcon Car-*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*riche v. Ashcroft,* 350 F.3d 845, 849–52 (9th Cir.2003).

**PETITION FOR REVIEW DIS-MISSED in part, DENIED in part.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.